LEROY v. CLAUS–LIPSIUS BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department.   October 4, 1898.)

MALICIOUS PROSECUTION—EVIDENCE.

In an action against a corporation for malicious prosecution, evidence of statements by the president to plaintiff that her son, who was the vice president, and had charge of the company's affairs, was treating her rudely, and would pass her without speaking, is inadmissible.

Appeal from trial term.

Action by Henri Leroy against the Claus-Lipsius Brewing Company and another for malicious prosecution.   From a judgment for plaintiff, and from orders denying motions for a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Charles J. Patterson (Donald F. Ayres on the brief), for appellants. John F. Clarke, for respondent.

WOODWARD, J.   A careful examination of the merits of this case, as well as the motion for a new trial upon the grounds of newly-discovered evidence, discloses no reason for disturbing the judgment or the conclusion of the trial court.   The only question, therefore, which it seems necessary to discuss, is one of evidence.   The plaintiff had told the jury of his visit to Mrs. Lipsius, the president of the brewing company, but who did not, as it appears from the evidence, take an active part in the management of the business, though she kept in touch with it through her son, Mr. Claus, who lived with her, and who was the vice president of the company.   He had testified:

"She said that she was very much surprised that I was going to give up my position; that she thought everything was in harmony, and always heard the best of me.   And then she told me that she did not want me to leave, but that she would be down the next morning in the office, and bring us together again.   Yes; to smooth the matter over again; and she at that time complained to me of the bad treatment she had received of her son Henry."

At this point he was asked, "What did she say?"   This was objected to as immaterial.   The objection was overruled, and an exception taken.   He then answered:

"She told me that this man, her son, had treated her also so rudely—unsonly, I should say—that for the last three days he had passed her, and not even bid her the time of day."

This was objected to as having no bearing upon the case, and a motion to strike out was denied, to which defendants excepted. The son, Henry, referred to above, is Mr. Claus, the vice president of the company; and it is now urged by the defendants that the admission of this testimony had a tendency to prejudice the jury against Mr. Claus, and that it was error.   While we are unable to say that the jury would have reached any other result had this testimony been excluded, it must be admitted that testimony as

to the conduct of Mr. Claus towards his mother had no legitimate place in the case, and it may have operated to increase in the minds of the jury the presumption of malice raised by the lack of probable cause for the original prosecution, and thus to have increased the damages which they were willing to award. If this was the view of the testimony taken by the jury,—and we are not prepared to say that it was not,—it was clearly prejudicial to the defendants, and, not being within the legitimate scope of the inquiry before the jury, it was reversible error to permit it to remain as a part of the evidence to be considered in reaching a verdict. For this reason the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.